1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11    KEVIN ERNESTO MEZA,                    Case No.: 3:16-cv-03008-CAB-BLM

12                            Plaintiffs,
                                             **ORDER: (1) GRANTING MOTION**
13    v.                                     **TO PROCEED IN FORMA**
                                             **PAUPERIS; (2) DISMISSING**
14    EMURILSH MURILLO; TSIMMOSH             **PLAINTIFF; AND (3) DISMISSING**
      SIMMONS; DOMINGUES ADOMISZH;           **ACTION FOR FAILING TO STATE**
15    DPATTESH PATTERSON,                    **A CLAIM**

16                            Defendant.

17

18    **I.      Procedural History**

19         Plaintiffs, Kevin Ernesto Meza, formerly housed at the East Mesa Reentry Facility

20    located in San Diego, California, and Cesar Rivera, are proceeding in pro se, and have

21    filed a civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In addition, Plaintiff

22    Meza has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

23    § 1915(a). (ECF No. 2.)

24    **II.     Motion to Proceed IFP**

25         All parties instituting any civil action, suit or proceeding in a district court of the

26    United States, except an application for writ of habeas corpus, must pay a filing fee of

27    $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

28

1

1   prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28

2   U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

3   However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the

4   full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison

5   Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002).  As defined

6   by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is

7   accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of

8   criminal law or the terms and conditions of parole, probation, pretrial release, or

9   diversionary program." 28 U.S.C. § 1915(h).

10   Because Plaintiff Meza is not a "prisoner" as defined by 28 U.S.C. § 1915(h), the

11   filing fee provisions of 28 U.S.C. § 1915(b) do not apply to this case. Therefore, the

12   Court has reviewed Plaintiff Meza's affidavit of assets, just as it would for any other non-

13   prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to

14   pay the fees or post securities required to maintain a civil action. *See* S.D. Cal. CivLR

15   3.2(d).

16   Accordingly, the Court **GRANTS** Plaintiff Meza's Motion to Proceed IFP

17   pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

18   **II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

19   **A.     Standard of Review**

20   A complaint filed by any person proceeding IFP is subject to sua sponte dismissal,

21   however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be

22   granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C.

23   § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam)

24   (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.");

25   *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not

26   only permits, but requires a district court to dismiss an in forma pauperis complaint that

27   fails to state a claim.").

28

1    All complaints must contain "a short and plain statement of the claim showing that

2 the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

3 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

4 mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether

6 a complaint states a plausible claim for relief [is] . . . a context-specific task that requires

7 the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere

8 possibility of misconduct" falls short of meeting this plausibility standard. *Id*.; *see also*

9 *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

10    "When there are well-pleaded factual allegations, a court should assume their

11 veracity, and then determine whether they plausibly give rise to an entitlement to relief."

12 *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

13 ("[W]hen determining whether a complaint states a claim, a court must accept as true all

14 allegations of material fact and must construe those facts in the light most favorable to

15 the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

16 § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

17    However, while the court "ha[s] an obligation where the petitioner is pro se,

18 particularly in civil rights cases, to construe the pleadings liberally and to afford the

19 petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

20 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not

21 "supply essential elements of claims that were not initially pled." *Ivey v. Board of*

22 *Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

23    Section 1983 imposes two essential proof requirements upon a claimant: (1) that a

24 person acting under color of state law committed the conduct at issue, and (2) that the

25 conduct deprived the claimant of some right, privilege, or immunity protected by the

26 Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541

27 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th

28 Cir. 1985) (en banc).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.   Representation of other parties**

Plaintiff purports to also bring this action on behalf of another inmate, Cesar Rivera.  Compl. at 1.  However, because Plaintiff is proceeding pro se, he has no authority to represent the legal interest of any other party.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); see also Fed.R.Civ.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party.").

Moreover, Plaintiff Rivera has not submitted his own Motion to Proceed IFP or paid the initial filing fee.  Therefore, for all these reasons, Plaintiff Rivera is DISMISSED from this action.

**C.   Eighth Amendment claims**

Plaintiff's claims are not entirely clear but it appears that he is claiming that Defendants denied up to thirty (30) inmates a shower over a ninety-six (96) hour period. *See* Compl. at 3, 5.)[1]  He also alleges that Defendants "refused to give us hygiene packages for our sanitation." (*Id.* at 4.)  To the extent Plaintiff suggests the lack of showers for 4 days or a denial of hygiene products for an unspecified period of time constitutes the cruel and unusual punishment proscribed by the Eighth Amendment, he has failed to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 679.   Cruel and unusual punishments involves "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  To satisfy this standard, a prisoner must allege facts sufficient to fulfill two requirements: one objective and one subjective.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

---

[1] Plaintiff is again advised that he has no authority to represent other inmates.  *Cato*, 70 F.3d at 1105 n. 1.  Therefore any amended Eighth Amendment claims may only include allegations as to Plaintiff himself.

1    Under the objective requirement, he must allege facts sufficient to show that a

2  prison official's acts or omissions deprived him of the "minimal civilized measure of

3  life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer*, 511 U.S. at

4  834.  While indigent inmates have the right to personal hygiene supplies, such as

5  toothbrushes and soap, Plaintiff's Complaint fails to contain sufficient factual allegations

6  to suggest that the denial of supplies for an unspecified period of time amounts to the

7  type of objectively serious deprivation the Cruel and Unusual Punishments Clause exists

8  to prevent.   See *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135

9  F.3d 1318 (9th Cir. 1998); *Farmer*, 511 U.S. at 834.  Even though Plaintiff was allegedly

10  denied a shower for four days and did not receive a hygiene package at some point in

11  time, there are no allegations that the deprivation was "severe or prolonged." *See*

12  *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a

13  prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of

14  pain within the meaning of the Eighth Amendment.").

15    Thus, because Plaintiff fails to allege that the length or duration of his deprivation

16  was so substantial as to affect his ability to maintain his health, *id*., or allege facts

17  sufficient to satisfy the subjective component of an Eighth Amendment violation–that

18  any Defendant caused him to be deprived of "life's necessities" with deliberate

19  indifference to his health or safety–his Complaint fails to state an Eighth Amendment

20  claim upon which relief can be granted.  *Farmer*, 511 U.S. 837; *Iqbal*, 556 U.S. at 679

21  **IV.    Conclusion and Order**

22    Good cause appearing therefor, IT IS HEREBY ORDERED that:

23    1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No.

24  2) is GRANTED.

25    2.    Plaintiff Cesar Rivera is DISMISSED from this action without prejudice.

26    3.    Plaintiff Meza's Complaint is DISMISSED for failing to state a claim upon

27  which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1),

28  and he is GRANTED forty-five (45) days leave from the date of this Order in which to

1  file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's

2  Amended Complaint must be complete in itself without reference to his original pleading.

3  Defendants not named and any claims not re-alleged in the Amended Complaint will be

4  considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*

5  *& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes

6  the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend

7  which are not re-alleged in an amended pleading may be "considered waived if not

8  repled.").

9          If Plaintiff fails to file an Amended Complaint within the time provided, this civil

10  action will remain dismissed without prejudice based on his failure to state a claim upon

11  which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

12          **IT IS SO ORDERED**.

13  **IT IS SO ORDERED**.

14  Dated:  March 6, 2017

15  _____

16  Hon. Cathy Ann Bencivengo
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

3:16-cv-03008-CAB-BLM